UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

MULTIFAMILY CAPTIVE GROUP,
LLC, a Maryland Corporation;
and SAMANTHA GUMENICK, an
individual,

        Plaintiffs,

   v.

ASSURANCE RISK MANAGERS, INC.,
a Colorado Corporation; LISA
ISOM, an individual;
CALIFORNIA APARTMENT
ASSOCIATION, a California
Association,

        Defendants.
_____/

NO. CIV. 08-cv-00547 FCD DAD

MEMORANDUM AND ORDER

----oo0oo----

On April 2, 2009, plaintiffs Multifamily Captive Group ("MCG") and Samantha Gumenick (collectively "plaintiffs") filed a motion for partial summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure against defendants California Apartment Association ("CAA"), Assurance Risk Managers ("ARM"),

1

and Lisa Isom. Defendants ARM and Isom (collectively "Isom defendants") filed a motion to continue the summary judgment hearing and to permit further discovery pursuant to Rule 56(f). For the reasons set forth below,[1] Isom defendants' motion to continue the hearing on plaintiffs' motion for partial summary judgment is GRANTED.

**BACKGROUND**

On March 10, 2008, plaintiffs filed an action for breach of contract, fraud, restitution/unjust enrichment, conspiracy, tortious interference with contractual relations, and tortious interference with prospective economic advantage. (First Amended Complaint ("FAC"), filed May 15, 2008.) These claims arise from the alleged breach of an agreement whereby plaintiffs would serve as the exclusive insurance brokers for defendant CAA.

On October 24, 2008, the court issued the operative Pretrial Scheduling Order ("PSO") in this case. (Pretrial Scheduling Order [Docket #60], filed Oct. 24, 2008.) The PSO provides that all discovery is to be completed by May 1, 2009, experts designated by May 15, 2009, and supplemental expert witness disclosures by June 4, 2009. (Id. at 2.)

On February 3, 2009 defendant CAA filed a motion for summary judgment on plaintiffs' breach of contract, fraud, conspiracy, and restitution claims.[2] In addition to opposing CAA's motion,

---

[1] Because oral argument will not be of material assistance, the court orders the matter submitted on the briefs. E.D. Cal. L.R. 78-230(h).

[2] The court previously granted defendant CAA's motion to dismiss plaintiff MCG's breach of contract claim. (Mem. & Order [Doc. #52], filed Sept. 26, 2008, at 11:18-20.)

2

plaintiffs filed a cross motion for partial summary judgment against all defendants (CAA, ARM, and Isom) on their restitution claim. Isom defendants filed a motion for continuance on plaintiffs' cross motion pending the completion of discovery.

**STANDARD**

When a party opposing a motion for summary judgment cannot present "facts essential to justify his opposition" to the motion, Rule 56(f) permits the party to submit an affidavit stating such reasons, and the court may continue or deny the motion if the opposing party needs to discover essential facts. Garrett v. City and County of San Francisco, 818 F.2d 1515, 1518 (9th Cir. 1987) (citing Hancock v. Montgomery Ward Long Term Disability Trust, 787 F.2d 1302, 1306 (9th Cir. 1986)). Specifically, Rule 56(f) provides:

> If a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may . . . order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken . . . .

Fed. R. Civ. Proc. 56(f). The burden is on the party seeking additional discovery to demonstrate that the information sought exists, and that it would prevent summary judgment. Nidds v. Schindler Elevator Corp., 113 F.3d 912, 921 (9th Cir. 1996), cert. denied, 118 S. Ct. 369 (1997). The moving party must also demonstrate that it diligently pursued previous discovery opportunities. Qualls v. Blue Cross of California, 22 F.3d 839, 844 (9th Cir. 1994). The Ninth Circuit has noted that "denial of a Rule 56(f) application is generally disfavored where the party opposing summary judgment makes (a) a timely application which

(b) specifically identifies (c) relevant information, (d) where there is some basis for believing the information sought actually exists." <u>Visa Int'l Serv. Ass'n v. Bankcard Holders of Am.</u>, 784 F.2d 1472, 1475 (9th Cir. 1986).

**ANALYSIS**

Isom defendants present evidence, through the declaration of their counsel, that the hearing should be continued pending the completion of discovery. Specifically, Isom defendants assert that they need to depose plaintiff MCG to procure evidence rebutting plaintiffs' restitution claim. They contend that additional discovery will uncover facts showing that Isom defendants' retention of the insurance brokerage commissions was not "unjust." (Henry Decl. at 2.) According to Isom defendants' counsel, additional discovery is necessary to: (1) clarify whether plaintiffs contributed "proprietary and confidential" information, and (2) determine the content of such information (i.e., why plaintiffs contend their work product was so "valuable"). Isom defendants believe that the evidence will show that this "proprietary and confidential" information was in fact "widely known industry knowledge," thus undermining plaintiffs' claim that their alleged use of the information was "unjust." (Defs.' Mot. for Continuance, filed Apr. 10, 2009, at ¶ 7.) Moreover, Isom defendants assert that further discovery is necessary to elicit testimony showing that plaintiffs excluded Isom defendants from working with plaintiffs, not vice versa. (<u>Id.</u> at ¶ 5.) As such, Isom defendants have met their burden of demonstrating that specific additional discovery is needed to uncover critical and potentially dispositive information

4

regarding whether defendants retention of brokerage commissions was "unjust," a necessary element of plaintiffs' restitution claim. See Garrett, 818 F.2d 1515, 1518-19 (9th Cir. 1987) (holding that plaintiff satisfied the requirements of Rule 56(f) where plaintiff's declaration made clear that he sought personnel records for the purpose of demonstrating that similarly situated employees were being treated different on the basis of race). Accordingly, Isom defendants have met their burden of showing that the hearing date should be continued pending this additional discovery.

Plaintiffs' counsel contends that Isom defendants' motion fails to meet Rule 56(f)'s standards for good cause because of plaintiffs "dilatory pursuit of discovery." (Pls.' Opp'n to Defs.' Mot. for Continuance, filed Apr. 17, 2009, at 4-6.) Specifically, plaintiffs contend that Isom defendants: (1) already had ample time to conduct discovery, (2) already took a seven-hour deposition of Gumenick, and (3) failed to conduct any discovery in the nearly four months between Gumenick's deposition and the filing of the motion for continuance. (Id.) However according to the court's PSO, the discovery period remains open until May 1, 2009, and nothing precludes Isom defendants from conducting discovery on the eve of that date. Moreover, Isom defendants' counsel asserts that they have, and continue to, pursue a mutually-acceptable date to conduct plaintiff MCG's deposition. According to Isom defendants' reply papers, Isom defendants will depose plaintiff MCG on April 30, 2009, before the close of discovery. (Defs.' Reply to Pls.' Opp'n to Defs.' Mot. for Continuance ("Reply"), filed Apr. 24, 2009, at ¶¶ 2, 3;

Henry Decl. ¶¶ 3-4.). Isom defendants further assert that the parties have agreed that plaintiffs will respond to additional written discovery requests by May 11. (Reply at ¶ 5; Henry Decl. ¶¶ 3-4.) Based upon these assertions, the court finds plaintiff's counsel was sufficiently diligent in pursuing discovery to support a continuance of the pending motion for summary judgment. See Noyes v. Kelly Servs., 488 F.3d 1163, 1174 (9th Cir. 2007) (stating that counsel often agree to continuances as a matter of courtesy and holding that it was an abuse of discretion to deny plaintiff's Rule 56(f) motion where plaintiff timely noticed the deposition, defendant had requested it be delayed on multiple occasions, and the deponent failed to appear as scheduled).

**CONCLUSION**

Therefore, because plaintiffs have sufficiently demonstrated that additional discovery is essential to justify their opposition to plaintiff's motion and because plaintiff's counsel was sufficiently diligent in pursuing discovery in this matter, Isom defendants' motion to continue plaintiffs' motion for partial summary judgment pending further discovery pursuant to Rule 56(f) is GRANTED. Isom defendants shall file an opposition to plaintiffs' motion by May 29, 2009 at 4:00 p.m. Plaintiffs shall file a reply by June 5, 2009 at 4:00 p.m. The court will hear oral argument on the motion, if necessary, on June 12, 2009 at 10:00 a.m. in Courtroom 2.

/////

/////

/////

6

1        IT IS SO ORDERED.
2  DATED: May 4, 2009.

                                     _____
                                     FRANK C. DAMRELL, JR.
                                     UNITED STATES DISTRICT JUDGE