UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| MULTIFAMILY CAPTIVE GROUP, LLC, a Maryland Corporation; and SAMANTHA GUMENICK, an individual, <br><br>          Plaintiff, <br><br>     v. <br><br> ASSURANCE RISK MANAGERS, INC., A Colorado Corporation; LISA ISOM, an individual; CALIFORNIA APARTMENT ASSOCIATION, a California Association, <br><br>          Defendant. <br> _____/ | NO. CIV. 08-cv-00547 FCD DAD <br><br><br> MEMORANDUM AND ORDER |

----oo0oo----

This matter is before the court on a motion to preclude expert testimony, pursuant to Federal Rule of Civil Procedure ("Rule") 26 and Rule 37.  Plaintiffs Multifamily Captive Group ("MCG") and Samantha Gumenick ("Gumenick") (collectively

1

"plaintiffs") move to preclude defendants[1] from offering expert testimony in this litigation.  For the reasons set forth below,[2] plaintiffs' motion is DENIED.

### BACKGROUND[3]

On March 10, 2008, plaintiffs filed an action for breach of contract, fraud, restitution/unjust enrichment, conspiracy, tortious interference with contractual relations, and tortious interference with prospective economic advantage.  These claims arise from the alleged breach of an agreement whereby plaintiffs would serve as the exclusive insurance brokers for CAA.

On October 24, 2008 the Court entered the operative Pretrial Scheduling Order ("PSO") addressing, *inter alia*, the disclosure of expert testimony in this case.  The relevant portion of the PSO provides:

> All counsel are to designate in writing, file with the court, and serve upon all other parties the name, address, and area of expertise of each expert that they propose to tender at trial not later than **May 15, 2009.**  The designation shall be accompanied by a written report prepared and signed by the witness.  The report shall comply with Fed. R. Civ. P. 26(a)(2)(B).[4]  By **June 4, 2009**, any

---

[1] Defendants in this case are Lisa Isom ("Isom"), Assurance Risk Managers, Inc. ("ARM") (collectively the "Isom defendants"), and California Apartment Association ("CAA").

[2] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. L.R. 78-230(h).

[3] Unless otherwise noted, the facts herein are undisputed.

[4] Rule 26(a)(2)(B) provides, "Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report–prepared and signed by the witness . . . The report must contain: (i) a complete statement of all opinions the witness will express and the basis and reasons for them;(ii) the data or other information considered by the witness in forming them; (iii) any exhibits that will be used to summarize or

2

   party who previously disclosed expert witnesses may submit a supplemental list of expert witnesses who will express an opinion on a subject covered by an expert designated by an adverse party, if the party supplementing an expert witness designation has not previously retained an expert to testify on that subject.

On May 15, 2009, plaintiffs disclosed their expert, Jeffrey McKinley ("McKinley"), along with his written report. CAA designated and filed with the court a disclosure of Lisa Isom as an expert witness. However, defendants failed to accompany the designation with a written report fulfilling the disclosure requirements of Rule 26(a)(2)(B). Thus, plaintiffs assert Isom should be precluded from providing expert testimony. Subsequently, CAA withdrew their expert witness designation.

 Isom defendants, however, argue Isom is a *rebuttal* expert, and thus, could not issue a written report without first evaluating McKinley's written report. Isom defendants contend they were unable to rebut McKinley's opinion because it would require Isom to generate and file her written report on the same day to meet the PSO deadline. Further, Isom defendants argue there will be no prejudice to plaintiff if Isom is allowed to testify as an expert because she will be available for her deposition prior to the expert discovery deadline of July 6, 2009. To the extent extra time is required, Isom defendants are willing to stipulate to an extension of the expert discovery deadline.

---

support them;(iv) the witness's qualifications, including a list of all publications authored in the previous ten years; (v) a list of all other cases in which, during the previous four years, the witness testified as an expert at trial or by deposition; and (vi) a statement of the compensation to be paid for the study and testimony in the case." Fed. R. Civ. P. 26(a)(2)(B).

**STANDARD**

If a party fails to provide information or identify a witness as required by Rule 26(a), the Federal Rules of Civil Procedure prohibit the party from using such information or witnesses "unless the failure was substantially justified or harmless." Fed. R. Civ. P. 37(c)(1). However the district court has "particularly wide latitude" when determining whether a failure to comply with Rule 26(a) was substantially justified or harmless. Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir. 2001). Accordingly, it is within the court's discretion to determine whether such conduct warrants Rule 37(c) sanctions. Id.

**ANALYSIS**

**I.  Rebuttal Expert**

Isom defendants argue they could not properly designate Lisa Isom as a witness by May 15, 2009 because she is a rebuttal expert. Isom defendants maintain Lisa Isom needed to examine McKinley's opinions before proffering her own rebutting opinions.

"Rebuttal is a term of art, denoting evidence introduced by a Plaintiff to meet new facts brought out in his [sic] opponent's case in chief." Morgan v. Commercial Union Assurance Cos., 606 F.2d 554, 555 (5th Cir. 1979). Accordingly, "a defense witness whose purpose is to contradict an expected and anticipated portion of the plaintiff's case in chief can never be considered a 'rebuttal witness,' or anything analogous to one." Id. Indeed, the "proper function and purpose of rebuttal testimony is to explain, repel, counteract or disprove the evidence of the adverse party." United States v. Chrzanowski, 502 F.2d 573, 576

1  (3d Cir. 1974).  Generally, rebuttal experts "are limited to
2  attacking the theories offered by the adversary's experts: they
3  may not put forth their own theories or opinions."  See La Jaye
4  v. Glavin Flying Service, Inc., 2003 WL 25774658, at *1 (W.D.
5  Wash. Mar. 5, 2003).
6      Here, Isom's proposed expert opinions go beyond attacking
7  the methodology and underlying assumptions of McKinley's
8  theories.  Rather, Isom's proffered expert opinions are her own
9  theories and opinions regarding insurance program development and
10 implementation.  Thus, Isom defendants mis-characterize Lisa Isom
11 as a *rebuttal* expert; they should have designated her as initial
12 expert witness by the May 15, 2009 deadline because her proposed
13 testimony goes beyond solely attacking the theories offered by
14 McKinley.
15 **II.  Rule 37 Sanctions**
16     Plaintiffs seek to preclude Lisa Isom's expert opinion
17 because Isom defendants did not comply with the PSO and Rule 26
18 when Lisa Isom failed to file a written report along with her
19 designation as an expert witness on May 15, 2009.  Isom
20 defendants argue that allowing Isom to testify would be harmless
21 because the expert discovery deadline does not end until July 6,
22 2009.  Further, Isom defendants are willing stipulate to an
23 extension of this deadline if necessary.
24     The Federal Rules of Civil Procedure prohibit a party from
25 using expert opinion if they fail to provide information or
26 identify of a witness pursuant to Rule 26(a), "unless the failure
27 was substantially justified or harmless."  Fed. R. Civ. P.
28 37(c)(1); see Yeti, 259 F.3d at 1106.

Despite Isom defendant's failure to comply with the PSO and Rule 26, the court finds that exclusion of Lisa Isom's testimony pursuant to Rule 37 is not appropriate in the circumstances presented here because allowing Isom's testimony would be harmless.[5]  The court prefers to decide the issues on the merits, with both parties having every opportunity to present their best arguments.  Because the set trial date, February 2, 2010, is not scheduled to commence for over seven months, there is time for plaintiff to depose Lisa Isom and to identify additional rebuttal experts if plaintiffs feel such a step is necessary.  See La Haye, 2003 WL 25774658 (allowing a mis-characterized untimely filed expert witness to be designated because such disclosure would be harmless in light of the trial date).

### CONCLUSION

Based on the foregoing analysis plaintiffs' motion to preclude Isom's expert testimony, pursuant to Rule 37 is DENIED. Based on the above findings, the Court hereby orders:

1. All parties are provided **10 days from the date of this order** to properly designate in writing, file with the court, and serve upon all other parties the name, address, and area of expertise of each expert they

---

[5] Plaintiffs contends extending the expert deposition period is not harmless, relying on Hoffman v. Constr. Protective Servs., 541 F.3d 1175 (9th Cir. 2008).  However, Hoffman is factually distinguishable.  In Hoffman, the plaintiffs did not disclose expert opinion regarding damage calculation at any time prior to trial.  Id. at 1177-78.  The motion to preclude expert testimony was brought as a motion *in limine* and taken under submission at the pre-trial conference on the eve of trial.  See id. at 1178.  Moreover, Hoffman was a class-action suit, where extending discovery deadlines, could have a substantially greater chance of subjecting the defendant to undue prejudice.  See id. at 1177.

6

propose to tender at trial.

2. The designation shall be accompanied by a written report prepared and signed by the witness.

3. The report shall comply with Fed. R. Civ. P. 26(a)(2)(B).

4. By **July 15, 2009**, any party who previously disclosed expert witnesses may submit a supplemental list of expert witnesses who will express an opinion on a subject covered by an expert designated by an adverse party, if the party supplementing an expert witness designation has not previously retained an expert to testify on that subject.

5. The supplemental designation shall be accompanied by a written report, prepared and signed by the witness, which complies with Fed. R. Civ. P. 26(a)(2)(B).

6. All experts designated are to be fully prepared at the time of **designation** to render an informed opinion, and give their bases for their opinion, so that they will be able to give full and complete testimony at any deposition taken by the opposing party.

7. The expert discovery deadline is extended to **August 17, 2009**; all expert discovery shall be complete by this date.

IT IS SO ORDERED.

DATED: June 24, 2009

FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE

7