PAHL & McCAY
A Professional Corporation
**Stephen D. Pahl, Esq.** (State Bar No. 95900)
**Servando Sandoval, Esq.** (State Bar No. 205339)
**Payal D. Mehta, Esq.** (State Bar No. 256758)
225 West Santa Clara Street
Suite 1500
San Jose, California 95113-1752
Telephone No.: (408) 286-5100
Facsimile No.: (408) 286-5722

Attorneys for Defendant
CALIFORNIA APARTMENT ASSOCIATION

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| MULTIFAMILY CAPTIVE GROUP, LLC, a Maryland Corporation; and SAMANTHA GUMENICK, an individual,<br><br>Plaintiff,<br><br>v.<br><br>ASSURANCE RISK MANAGERS, INC., a Colorado Corporation; LISA ISOM, an individual; and CALIFORNIA APARTMENT ASSOCIATION, a California Corporation,<br><br>Defendants. | Case No. 2:08-CVC-00547 FCD DAD<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT CALIFORNIA APARTMENT ASSOCIATION'S MOTION FOR ATTORNEYS' FEES**<br><br>Date:  May 21, 2010<br>Time:  10:00 a.m.<br>Dept.:  2<br>Hon.:  Frank C. Damrell, Jr.<br><br>Action Filed: March 10, 2008<br>Trial Date:  February 2, 2010 |

## I.

## INTRODUCTION

Defendant CALIFORNIA APARTMENT ASSOCIATION ("Defendant" or "CAA") successfully defended the unmeritorious claims filed by Plaintiffs MULTIFAMILY CAPTIVE GROUP, LLC ("MCG") and SAMANTHA GUMENICK ("GUMENICK") (collectively referred to as "Plaintiffs"), obtaining Judgment as a Matter of Law pursuant to Federal Rule of Civil Procedure 50(a). CAA hereby moves the Court, pursuant to 28 U.S.C.S. § 1927, for an award of attorneys' fees incurred in defending this action from the date CAA filed its Rule

---

1

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF...     (Case No. 2:08-CVC-00547 FCD DAD

56(c) motion for summary judgment through the trial in this action. CAA has incurred $49,567.50 during this period and is requesting an award of these fees and costs.

## II.

## STATEMENT OF FACTS

CAA filed its Rule 56(c) motion for summary judgment on or about February 3, 2009, asserting numerous undisputed facts and reasons why Plaintiffs could not prevail on any of their claims. Plaintiffs and their counsel opposed CAA's Rule 56(c) motion and disputed CAA's version of the undisputed facts, promising to offer evidence at trial to rebut the following:

1. When dealing with CAA (e.g. during communications and meetings with CAA representatives, or when making presentations to CAA), GUMENICK represented herself to CAA as the President of MCG.

2. At all relevant times, Vicki Walter and Tom Bannon of CAA were of the belief that GUMENICK was an agent for MCG and dealt with her in that capacity.

3. CAA always understood that MCG was the entity that was interested in obtaining CAA's insurance business and not GUMENICK in her individual capacity.

4. Although MCG provided a two-page outline of a proposed property and general liability insurance program in July 2006, no further discussions took place after July 2006.

5. GUMENICK admitted that CAA did not accept her captive group proposal for the property and general liability insurance program.

6. While GUMENICK explored a sponsored property and general liability program with CAA in late 2005 or early 2006, that program "never came to fruition."

7. In July 2006, GUMENICK suggested to CAA the provision of workers' compensation insurance to CAA members, and after August 2006, CAA and MCG focused on finding a replacement program for workers' compensation.

8. In or about February 2007, GUMENICK and Ron Ganiats of AIX, Inc. met with CAA to discuss the worker's compensation marketplace and a potential workers' compensation insurance program for CAA members.

9. Although during the February 2007 meeting, Tom Bannon, CEO of CAA, advised GUMENICK that CAA was interested in establishing its own insurance brokerage agency, GUMENICK's May 2007 presentation to

      CAA did not involve the concept of a separate insurance agency being established by CAA

10.   As of May 2007, GUMENICK knew CAA was still accepting and considering proposals from other parties for the workers' compensation program.

11.   Plaintiffs never presented a final proposal to CAA for the workers' compensation program.

12.   CAA never implemented any proposal for workers' compensation insurance submitted to CAA by MCG.

13.   Vicki Walter of CAA never promised MCG or GUMENICK that they would be the "exclusive brokers" for CAA.

14.   Vicki Walter did express to GUMENICK that CAA would be amenable to MCG being the broker of record for one year on an insurance program that she created.

15.   Notwithstanding Plaintiffs' allegation that they were promised to be the "exclusive" brokers for CAA as of October 1, 2006, GUMENICK conceded that there were no discussions concerning details of the agreement and GUMENICK did not know how much she would be compensated, if at all, for her insurance activities on behalf of CAA.

16.   The alleged "exclusive broker agreement" was never confirmed in any writing.

17.   Tom Bannon, CEO of CAA, never authorized any exclusive broker agreement with MCG or GUMENICK.

CAA's Rule 50(a) motion for judgment as a matter of law was based on the same set of undisputed facts CAA initially asserted in its Rule 56(c) motion, and which Plaintiffs challenged and promised to rebut at trial. At trial, however, Plaintiffs were unable to offer any rebutting evidence and the Court granted CAA's Rule 50(a) motion in its entirety.

### III

### LEGAL ARGUMENT

"It is clear from the statutory language and case law that for purposes of 28 U.S.C.S. § 1927, 'bad faith' turns not an attorney's subjective intent, but on an attorney's objective conduct; the term 'unreasonably' necessarily connotes that the district court must compare the

attorney's conduct against the conduct of a 'reasonable' attorney, and make judgments about whether the conduct was acceptable according to some objective standard." Amlong & Amlong, P.A. v. Denny's Inc., 500 F.3d 1230 (11th Cir. 2006). The question under 28 U.S.C.S. § 1927 is whether counsel multiplied the proceedings unreasonably and vexatiously, and the affirmative answer to that question does not require a finding of recklessness (according to the 6th Circuit - apparently not the case in the 9th Circuit - as evidenced by the T.W. Electrical Services case cited below), subjective bad faith, or conscious impropriety. The attorney does not have *carte blanche* to burden federal courts by pursuing claims he should know are frivolous. Haynie v. Ross Gear Division of TRW, 799 F.2d 237 (6th Cir. 1986). Where attorneys' conduct is so legally unjustified as to be reckless, it reaches the degree of subjective bad faith required for sanctions. Terrebonne, Ltd. v. Murray, 1 F. Supp.2d 1050 (E.D. Cal. 1998).

The law of this circuit (9th) requires that imposition of costs and fees under 28 U.S.C. § 1927 be made only on a finding that attorney acted recklessly or in bad faith. T.W. Electrical Service, Inc. v. Pacific Electrical Contractors Association, 809 F.2d 626 (9th Cir. 1987).

For example, the district court's finding of bad faith on the basis of three factors - number and length of pleadings, timing involved in many filings, and substance of the claims asserted - was supported by the record and did not constitute an abuse of discretion; where according to the district court, the attorneys converted a simple, "straight-forward" debt collection action into a full-fledged assault. Salstrom v. Citicorp Credit Services, 74 F.3d 183 (9th Cir. 1996). The Salstrom case is similar to the case at bar. The attorney there (Salstrom), like here, made a "federal case" out of a "straight-forward" matter.

In the 7th Circuit, it was not an abuse of discretion to award fees to the defendant after finding that the plaintiff's litigation was in bad faith, because the plaintiff inflicted unnecessary costs upon the defendant as the plaintiff pressed all six of the arguments after discovery had long ago revealed that five of the six arguments were "worthless." Mach v. Will County Sheriff, 580 F.3d 495 (7th Cir. 2009). Here, while Plaintiffs' restitution might

have had (some) merit, the bulk of Plaintiffs' claims were similarly "worthless."

Courts have held that the action of plaintiffs' attorneys in alleging fraud and criminal conduct without adequate investigation, and in maintaining that position after discovery depositions revealed all relevant facts, and provided logical and reasonable explanation, violate the letter and spirit of both F.R.C.P. 11 and 28 U.S.C.S. § 1927, making sanctions appropriate. Woodfork v. Gavin, 105 F.R.D. 100 (N.D. Miss. 1985). Here, Plaintiff Samantha Gumenick impeached herself by her prior deposition testimony so many times it bordered on the absurd. That alone should subject Plaintiffs' counsel to sanctions.

In a previous Amlong opinion, the 11th Circuit held that F.R.C.P. 11 was not applicable where sanctions were imposed upon two attorneys for allegedly misrepresenting their client's case in errata sheet filed after their client's deposition was taken, and thereby allegedly vexatiously lengthening the suit; but 28 U.S.C.S. §1927 applied instead, as the attorneys' knowledge, motive and state of mind could be considered in evaluating their objective conduct. See, Amlong & Amlong, P.A. v. Denny's, Inc., 457 F.3d 1180 (11th Cir. 2006). Again here, counsel refused to consider his client's deposition testimony and blundered ahead blindly.

In the present case, in spite of repeated assertions that Plaintiffs possessed evidence to rebut the undisputed facts asserted by CAA, Plaintiffs failed to meet their initial burden of proof on any of the claims alleged against CAA. As stated above, CAA's Rule 50(a) motion for judgment as a matter of law was based entirely on the same set facts CAA asserted as undisputed in its motion for summary judgment, which facts Plaintiffs disputed. During the course of trial, however, it became apparent to all parties, counsel, and the Court that Plaintiffs and their counsel simply did not possess any rebutting evidence to offer at trial. CAA, along with Defendants Lisa Isom Assurance Risk Managers, Inc., prevailed on their Rule 50(a) motion. Plaintiffs' counsel should be sanctioned for his unreasonable and baseless refusal to stipulate to facts CAA asserted were undisputed, and which proved to be uncontested at trial Due to Plaintiffs' unreasonable and unsound obstinance during the course of this litigation, and particularly after CAA filed is motion for summary judgment, CAA was forced to incur

substantial fees to take this matter to trial and establish that Plaintiffs' claims were baseless all along.

## IV.

## CONCLUSION

For the above stated reasons, Defendant CALIFORNIA APARTMENT ASSOCIATION respectfully requests that the Court grant its Motion for Attorneys' Fees, pursuant to 28 U.S.C.S. § 1927, and award CAA $49,567.50 in fees and costs incurred in defending this action from the date CAA filed its motion for summary judgment through the trial in this matter. The requested award is warranted based on Plaintiffs' unreasonable conduct in forcing multiple proceedings in this matter based on frivolous and unsound claims. Defendant CALIFORNIA APARTMENT ASSOCIATION further requests that the Court grant whatever other relief it deems just and proper.

DATED: April 20, 2010

PAHL & McCAY
A Professional Corporation

By: /s/ Payal D. Mehta
Servando R. Sandoval
Payal D. Mehta

Attorneys for Defendant
CALIFORNIA APARTMENT ASSOCIATION

<u>Multifamily Captive Group, LLC, v. Assurance Risk Managers, Inc.</u>
U.S. District Court - Eastern District of California Case No. 2:08-cv-00547-FCD-DAD

## PROOF OF SERVICE

State of California         )
                            ) ss
County of Santa Clara       )

     I am a citizen of the United States and an employee of the County aforesaid. I am over the age of eighteen years and not a party to the within action. My business address is 225 West Santa Clara Street, Suite 1500, San Jose, California 95113-1700. On the date mentioned below, I caused a true copy(ies) of the following document(s) to be served on the parties below using the method(s) checked:

*Memorandum of Points and Authorities in Support of Defendant California Apartment Association's Motion for Attorney's Fees*

on the Addressee(s) below named in said action by:

[ ]    First Class Mail. I am familiar with the regular mail collection and processing practices of the business. The mail will be deposited with the United States Postal Service on the same day following ordinary business practices. I enclosed the above-mentioned document(s) in a sealed envelope with postage thereon fully prepaid in the United States Post Office mail box at San Jose, California.

[ X ]    E-mail at the email addresses below.

[ ]    Facsimile at the fax numbers shown after each name below.

**Addressee(s):**

Avi N. Wagner
THE WAGNER FIRM
1801 Avenue of the Stars, Suite 307
Los Angeles, CA 90067
Telephone: (310) 491-7949
Fax: (310) 491-7949
Email: Avi@the wagnerfirm.com

Katherine G. Fritz
LICHTENFELS, PANSING, MILLER
1900 West Littleton Boulevard
Littleton, CO 80120
Telephone: (303) 722-6500
Fax: (303) 722-3894
Email: kgf@lpmlaw.com

     I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct. Executed on April 20, 2010 at San Jose, California.

_____
Andrea R. Anderson

**PROOF OF SERVICE**      1

Pahl & McCay
A Professional Corp
225 W Santa Clara St.
Suite 1500
San Jose, CA 95113
(408) 286-5100

2341-017
00114066.WPD