UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

MULTIFAMILY CAPTIVE GROUP,
LLC, a Maryland Corporation;
and SAMANTHA GUMENICK, an
individual,

        Plaintiffs,

  v.

ASSURANCE RISK MANAGERS, INC.,
a Colorado Corporation; LISA
ISOM, an individual;
CALIFORNIA APARTMENT
ASSOCIATION, a California
Association,

        Defendants.
_____/

NO. CIV. 08-cv-00547 FCD DAD

MEMORANDUM AND ORDER

----oo0oo----

    This matter is before the court on the motions of defendants California Apartment Association ("CAA"), Assurance Risk Managers, Inc. ("ARM"), and Lisa Isom ("Isom") for attorneys' fees pursuant to 28 U.S.C. § 1927. Plaintiffs Multifamily Captive Group, LLC ("Multifamily") and Samantha Gumenick

/////
/////

1

("Gumenick") oppose the motion. For the reasons set forth below,[1] defendants' motions are DENIED.

**BACKGROUND**[2]

Plaintiffs brought this litigation arising out of an alleged contract for exclusive insurance brokerage services. Defendant CAA filed a motion to dismiss the complaint, which defendants Isom and ARM joined. The motion was granted in part and denied in part by the court's Memorandum and Order filed September 26, 2008. Subsequently, defendant CAA filed a motion for summary judgment and plaintiffs filed a motion for summary adjudication against all defendants on their unjust enrichment claim. By Memorandum and Order filed May 27, 2009, CAA's motion for summary judgment was granted in part and denied in part, and plaintiffs' motion for summary adjudication against CAA was denied. By Memorandum and Order filed June 25, 2009, plaintiffs' motion for summary adjudication against ARM was similarly denied. Defendant ARM never filed an independent dispositive motion.

On January 13, 2010, the court entered its pretrial conference order after instructing the parties to revise their joint pretrial statement. On January 29, 2010 and February 1, 2010, the court issued minute orders, acknowledging defendants Isom and ARM's failure to file summary judgment motions and instructing the parties: (1) to present argument regarding why

---

[1] Because oral argument will not be of material assistance, the court orders the matter submitted on the briefs. E.D. Cal. L.R. 230(g).

[2] The facts and allegations of the case are set forth in detail in the court's Memoranda & Orders, filed June 15, 2009, May 27, 2009, and September 26, 2008.

2

the court should not grant summary judgment on plaintiff Multifamily's claim for tortious interference with contract; (2) to present an offer of proof regarding Multifamily's claim for tortious interference with prospective economic advantage; and (3) to prepare arguments regarding why Multifamily's conspiracy claim should not be dismissed based upon the court's prior ruling on CAA's motion to dismiss.

On February 2, 2010, the court heard argument on defendants' motions in limine, some of which were granted and some of which were denied. After hearing argument by the parties, the court dismissed Multifamily's claims against Isom and ARM for tortious interference with contract and tortious interference with prospective economic advantage.

After five days of trial, plaintiffs rested their case, and defendants moved for judgment under Federal Rule of Civil Procedure 50. The court granted the motions. The court held that plaintiff Gumenick had presented insufficient evidence relating to the formation of any contract with defendant CAA or that she was representing herself individually. Accordingly, plaintiff's breach of contract, interference with contractual relations, and interference with prospective economic advantage claims were dismissed. The court also found that plaintiffs had failed to present evidence of misrepresentations by defendants ARM or Isom or any reliance by plaintiffs on those representations. As such, the court dismissed plaintiffs' claims for fraud and conspiracy. Finally, based upon the evidence submitted, the court concluded that plaintiffs were not entitled
/////

to restitution under a theory of unjust enrichment. Therefore, judgment was entered in favor of defendants on February 10, 2010.

On March 16, defendants Isom and ARM filed a noticed motion for attorney fees.[3] On April 20, 2010, defendant CAA filed its motion for attorney fees.

**ANALYSIS**

Defendants assert that § 1927 sanctions should be awarded based upon counsel's failure to stipulate to facts in the pretrial conference order and the court's grant of their Rule 50 motions at trial. As such, defendants request fees for pretrial and trial expenses.

28 U.S.C. § 1927 allows the court to award fees against "any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously." 28 U.S.C. § 1927. This section is not specific to any statute, but applies to any civil suit in federal court. Hyde v. Midland Credit Mgmt., Inc., 567 F.3d 1137, 1141 (9th Cir. 2009). Further, the statute "explicitly provides for remedies against offending attorneys." Id.; F.T.C. v. Alaska Land Leasing, Inc., 799 F.2d 507, 510 (9th Cir. 1986) (noting that § 1927 does not authorize recovery from a party, but "only from an attorney or otherwise admitted representative of a party") (emphasis in original) (internal quotations and citations omitted).

Attorneys fees under § 1927 are appropriate if an attorney's conduct is in bad faith; recklessness satisfies this standard.

---

[3] Defendants filed a motion for attorney fees on March 12, 2010, but it was not filed in compliance with the local rules.

4

B.K.B. v. Maui Police Dept., 276 F.3d 1091, 1107 (9th Cir. 2002); Barber, 146 F.3d at 711 ("An award of sanctions under 28 U.S.C. § 1927 or the district court's inherent authority requires a finding of recklessness or bad faith."). The Ninth Circuit has also required a finding of subjective bad faith, "which is present when an attorney knowingly or recklessly raises a *frivolous* argument, or argues a meritorious claim for the purpose of harassing an opponent." B.K.B., 276 F.3d at 1107 (emphasis in original) (quoting In re Keegan Mgmt. Co., Sec. Lit., 78 F.3d 431, 436 (9th Cir. 1996)). Moreover, the Ninth Circuit has cautioned that "[s]anctions should be reserved for the 'rare and exceptional case where the action is clearly frivolous, legally unreasonable or without legal foundation, or brought for an improper purpose.'" Primus Auto. Fin. Servs., Inc. v. Batarse, 115 F.3d 644, 649 (9th Cir. 1997) (quoting Operating Eng'rs Pension Trust v. A-C Co., 859 F.2d 1336, 1344 (9th Cir. 1988)).

In this case, there is no evidence that plaintiffs' counsel's conduct was undertaken in bad faith or with the intent to harass opposing counsel.[4] While plaintiffs ultimately failed to meet their burden of proof at trial, it is noteworthy that defendants Isom and ARM wholly failed to file any independent dispositive motions. As such, their argument that plaintiffs' counsel vexatiously multiplied the litigation by proceeding to trial is unavailing; defendants Isom and ARM failed to utilize procedural motions to narrow or eliminate the claims before they

---

[4] Counsel's citation to Eleventh Circuit and Sixth Circuit law is wholly unpersuasive as these Circuits apply a different standard than the Ninth Circuit in evaluating sanctions under § 1927.

reached trial. Rather, the court, *sua sponte*, specifically directed the parties to address whether some of plaintiffs' claims were barred by the court's prior rulings on defendant CAA's motion. Further, there is no evidence that plaintiffs' counsel knew the claims were frivolous or wholly without merit before proceeding to trial. Indeed, the court concluded that there were triable issues of fact on at least some of plaintiffs' claims when it denied in part defendant CAA's motion for summary judgment. While the court subsequently concluded that plaintiffs' claims were without sufficient evidentiary support, after five days of testimony and introduction of evidence that was not before the court on defendant CAA's summary judgment motion, defendants have failed to cite any support for the proposition that the grant of a Rule 50 motion, by itself, justifies the imposition of sanctions on counsel.

Accordingly, because there is no evidence that plaintiffs' counsel knowingly or recklessly raised a frivolous argument or intended to harass defendants, defendants have failed to demonstrate that plaintiffs' counsel acted in bad faith. Therefore, there is an insufficient basis to impose § 1927 sanctions.[5]

**CONCLUSION**

For the foregoing reasons, defendants' motions for attorneys' fees is DENIED.

---

[5] Plaintiffs also contend that defendants' motions for attorneys' fees and costs should be denied because the motions were not timely filed. Because the court concludes that defendants have not demonstrate subjective bad faith by plaintiffs' counsel, the court need not reach the merits of this argument.

6

1        IT IS SO ORDERED.
2   DATED: June 2, 2010

                                    _____
                                    FRANK C. DAMRELL, JR.
                                    UNITED STATES DISTRICT JUDGE